IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KELLY JO ARRINGTON,** :
:
    **Plaintiff** : CIVIL NO. 10-CV-2248
:
    **v.** :
:
**COMMONWEALTH OF** : Hon. Sylvia H. Rambo
**PENNSYLVANIA HOUSE OF** :
**REPRESENTATIVES,** :
:
    **Defendant** :

# **M E M O R A N D U M**

Before the court is a complaint filed by Plaintiff, Kelly Jo Arrington, (Doc. 1), and a motion to proceed in forma pauperis, (Doc. 2). The court has a statutory obligation pursuant to 28 U.S.C. § 1915(e)(2) to review new filings to ensure, among other things, that they state a cause of action upon which relief may be granted.

In her complaint, Plaintiff has named the Pennsylvania House of Representatives as the sole Defendant. Plaintiff alleges that she was terminated from her employment in violation of Title VII of the Civil Rights Act of 1964, and seeks $2,000,000 in compensation. Plaintiff's complaint is defective in a fundamental way: The court does not have jurisdiction to hear this case because Plaintiff is attempting to sue a branch of the State Government and, thus, this suit is barred by the Eleventh Amendment to the United States Constitution. As a general matter, under the Eleventh Amendment to the United States Constitution, a State cannot be sued by a private individual. *See Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)

("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is [prohibited] by the Eleventh Amendment."). The Eleventh Amendment actually deprives the court of any jurisdiction to hear a case brought against a State or one of its agencies, and this jurisdictional bar applies regardless of whether the plaintiff is seeking equitable relief or monetary damages. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986). Additionally, suits against state officials in their official capacity or state agencies will be deemed suits against the State and barred by the Eleventh Amendment if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Pennhurst*, 465 U.S. at 101 n. 11 (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal quotations omitted)).

In making the determination of whether an entity is an arm of the state, the Third Circuit has outlined three factors for the court to consider. *See Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1350 (3d Cir. 1994). First, the court must assess whether if the plaintiff succeeds on his claims the judgment would be paid from the state treasury. Second, the court must examine the status of the entity pursuant to state law. Third, the court should consider the extent of autonomy enjoyed by the entity. The first factor is the most important one. *Id*.

In a case that was previously before this court, the court concluded that the Pennsylvania Senate is entitled to Eleventh Amendment Immunity. *See Larsen v. Senate of the Com. of Pa.*, 955 F.Supp. 1549, 1560 -1561 (M.D. Pa. 1997) (affirmed in part and reversed in part on other grounds). What is good for the Senate is good for the House of Representatives. It is difficult to imagine what entity would be

considered an arm of the State if the House of Representatives were not.  Application of the *Peters* factors seems cumbersome in the present context.  The House of Representatives is one of the governing branches of the Commonwealth.  Thus, under *Peters*, the question the court is required to answer is, in essence, whether the House of Representatives is independent from itself.  The court concludes that it is not, and that the House of Representatives is an arm of State for Eleventh Amendment immunity purposes.  Accordingly, Plaintiff's case cannot proceed.

Although the court must liberally construe *pro se* pleadings, *see Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), and must grant leave to amend before dismissing a civil rights complaint that is merely deficient, *see, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247,252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000), here, any amendment would be futile.  There is no basis upon which Plaintiff can assert a federal civil rights complaint against the Pennsylvania House of Representatives.  Any such suit is barred by the Eleventh Amendment, and thus any amendment would be futile.

**(THIS SPACE IS INTENTIONALLY LEFT BLANK)**

Of course the Eleventh Amendment does not prohibit lawsuits against individual state actors who violate federal law in their individual capacities. To the extent Plaintiff believes that the individuals she mentions in her complaint are responsible for the alleged violation of her rights she must file a separate lawsuit correctly naming the responsible parties. This case, however, must be dismissed. The court will issue an appropriate order.

                                                                             s/Sylvia H. Rambo
                                                                         United States District Judge

Dated: November 10, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KELLY JO ARRINGTON,** :
:
      Plaintiff : CIVIL NO. 10-CV-2248
:
v. :
:
**COMMONWEALTH OF** : Hon. Sylvia H. Rambo
**PENNSYLVANIA HOUSE OF** :
**REPRESENTATIVES,** :
:
      Defendant :

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

    (1) Plaintiff's motion to proceed in forma pauperis is **GRANTED**; and,

    (2) Pursuant to the court's supervisory authority found in 28 U.S.C. § 1915(e)(2)(B)(ii) the case is **DISMISSED** for failure to state a claim upon which relief can be granted.

                                           s/Sylvia H. Rambo
                                           United States District Judge

Dated: November 10, 2010.